[No. 14609-2-I.   Division One.   May 13, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY DEACH, *Appellant.*

*Michael Filipovic* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Victoria Seitz, Deputy,* for respondent.

COLEMAN, J.—Gary Deach was charged with the crime of attempted rape in the second degree. RCW 9A.44.050(1)(a); RCW 9A.28.020. A jury convicted him of the lesser included offense of simple assault, and he received a deferred sentence. Deach appeals his conviction, alleging that the trial court erred in denying his motion in limine to restrict the State's cross examination of character witnesses he proposed to call for the purpose of testifying as to his reputation for truth and veracity.

Gary Deach and the complaining witness (hereinafter referred to as "A") were "friends" who met when they were working at Longacres racetrack. On August 8, 1983, Deach gave A a ride to a picnic for Longacres employees. During the picnic, Deach and A left in Deach's car to purchase some alcohol. They stopped, parked off the road, and walked a short distance to an embankment near the river, where they sat. A testified that Deach began pulling her shirt up, pushed her forehead down, and pulled her pants and pantyhose down. She stated that he bit her hand and continued to push her as she verbally and physically resisted. Deach also pulled his pants down, and at one point A said she felt his penis against her leg. Eventually, after she had been crying and telling him "no," he stood up, apologized, and said he had not meant to hurt her.

Deach testified that he and A were "just kind of wrestling and fooling around." He admitted that he unbuttoned and pulled down her pants, but he stopped as soon as she began to cry. He stated he did not use force and did not intend to commit rape. He believed that she was interested in sexual activity until he realized she was not, at which point he immediately broke off his advances.

Deach and A drove back to the picnic, and Deach left. A

testified that as a result of the struggle with Deach, she had scrapes on her back, a bite mark, and a migraine headache from when her head struck the ground. The next day, August 9, 1982, she went to a temporary medical clinic at Longacres and was seen by a physician's assistant who later reported the incident to the police.

Trial was held on February 7, 1984. The defense announced its intention to call character witnesses to testify to Deach's reputation for truthfulness. Deach's attorney moved in limine to prevent the State from asking on cross examination whether the witnesses knew of Deach's prior conviction in 1971 for soliciting a minor for immoral purposes. The defense argued that the prior conviction was not relevant to the issue of Deach's reputation for truth and that admission of the conviction, even if relevant, would be more prejudicial than probative. ER 403.

The court stated, "It appears the reputation for truthfulness, unless that aspect of the defendant's character has been put in issue, is not admissible." Deach's attorney agreed, but added that if Deach testified and was cross-examined concerning his memory or interpretation of events, his truthfulness would be at issue and the character witnesses' testimony would then be admissible. The court ruled that character witnesses would not be permitted to testify regarding Deach's reputation for truthfulness unless that trait was put in issue.

The following colloquy between the court and defense counsel occurred:

Ms. RICE: —then the prosecutor cannot use that prior alleged conviction to impeach?

THE COURT: No, I am not saying that. She may use it. Any time you put a witness on the stand that says, "I know him and I am familiar with his reputation in the community," they may then—for any of the characteristics you are talking about, they may then proceed to ask that witness if they know that in 1971 he pleaded guilty to a charge of soliciting a minor for immoral purposes. *This is admitted not to impugn the character of the*

*defendant but simply to test the knowledge of the witness who is testifying concerning character.*

(Italics ours.)

The jury trial commenced. After the State rested, defense counsel indicated that,

as a result of the Court's ruling that Ms. Seitz may impeach those witnesses with a prior criminal conviction [of Deach], I am not going to call those witnesses. And it won't be necessary for her to interview them.

I have put on the record the offer of what they would testify to.

Deach then took the stand. On cross examination Deach was asked,

Q. You weren't hurting her?

A. I never have—I mean, we wrestled, yes, but I didn't— there was no force, you know. I mean, I wasn't doing it in a forceful manner.

Q. Nothing that would have caused any injuries at all?

A. Not that way, no.

Q. Okay. Nothing on her legs?

A. I did not.

Q. Or her thigh?

A. No.

Q. Or her buttocks?

A. I did not.

Q. Didn't bite her on the hand?

A. No, that I did not do. I did not bite her.

Q. You certainly didn't push her head down and hurt her head?

Q. Now, I could have there. I could have. I am not absolutely sure but I could have. We are wrestling and that, and she could have hit her head.

And the scratches—I am not sure of that, how they came about. It could have been when we were wrestling there on the grass.

Q. You don't remember whether or not she hit her head?

A. No, I don't, really. Honestly, I do not remember.

Q. Do you remember pushing her head down?

A. No.

Q. Then you didn't hurt her on the head; is that right?

A. I cannot honestly answer that because I can't remember if I had or hadn't.

The State argues, *inter alia,* that Deach's character for truthfulness was not attacked; therefore, reputation testimony by Deach's character witnesses regarding his truthfulness was not admissible under ER 608(a). The State maintains that had such testimony been admitted, the State could properly impeach the character witnesses by inquiring *into specific instances of misconduct* by Deach. ER 608(b). Deach contends his character for truthfulness was attacked under the "otherwise" portion of ER 608(a) when he was cross–examined on the cause of A's injuries. ER 608(a) provides:

> **Reputation Evidence of Character.** The credibility of a witness may be attacked or supported by evidence in the form of reputation, but subject to the limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise.

■ Under ER 608(a), only after the defendant becomes a witness and his character for truthfulness is attacked by reputation evidence or otherwise can he rebut the attack with evidence of his good reputation for truthfulness. *State v. Harper,* 35 Wn. App. 855, 860, 670 P.2d 296 (1983), *review denied,* 100 Wn.2d 1035 (1984). As noted in *Harper,* at 860, an attack upon truthfulness by reputation evidence is readily identified, but it is more difficult to determine when this character trait has been "otherwise" attacked. In the present case, the State's cross examination merely reviewed Deach's version of how the injuries occurred. The questions and answers do not fall into the categories described in *Harper* as constituting attacks under the "otherwise" portion of ER 608(a). For example, this testimony does not qualify as self–contradiction, error of fact, or another form of discrediting evidence. *See Harper,* at 860–61 (quoting 4 J. Wigmore, *Evidence* § 1104, at 235 (rev. 1972)).

Mere contradiction of the witness is generally insuffi-

cient. A witness subjected to what McCormick aptly calls "slashing cross–examination" may or may not be permitted to introduce evidence of good reputation, depending on the facts and circumstances of the individual case. (Footnotes omitted.) 5 K. Tegland, Wash. Prac. § 233, at 494–95 (2d ed. 1982). The cross examination in the present case can hardly be called "slashing". Moreover, it does not appear to bring out any inconsistencies between Deach's answers regarding the cause of the injuries as opposed to his version of the incident on direct examination. Under these circumstances, the defendant did not have the right to present evidence of his truthful character to the jury. Therefore, we do not need to decide whether the trial court erred in refusing to grant Deach's motion in limine to restrict the cross examination of his proposed character witnesses. The judgment is affirmed.

CORBETT, C.J., and GROSSE, J., concur.