No. 84-525

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

A. D. M.,

       Defendant and Appellant.

_____

APPEAL FROM:  District Court of the First Judicial District,
           In and for the County of Lewis & Clark,
           The Honorable Henry Loble, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Cannon & Sheehy; Edmund F. Sheehy, Helena, Montana


    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Mike McGrath, County Attorney, Helena, Montana

_____

Submitted on Briefs:  April 11, 1985

Decided:  June 25, 1985


Filed: JUN 2 5 1985


_____
                Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court

Defendant appeals from a conviction of felony sexual assault pursuant to section 45-5-502, MCA, following a jury trial in the First Judicial District, Lewis and Clark County, on May 16, 1984. We affirm.

School officials notified the authorities on October 24, 1983, that defendant was alleged to have committed sexual assault upon his five-year-old daughter. Rita Pickering, a social worker from the welfare department, removed the child from school on October 26 in order to interview her. Pickering and a sheriff's department detective conducted and recorded an interview of the child and as a result she was removed from defendant's home and placed in foster care.

In the interview, the child described how her father had forced her to play with his "winker dinker;" she used anatomically correct dolls to demonstrate how she was forced to masturbate defendant and perform oral sex; she described the color, taste and smell of ejaculate; she told Pickering that the defendant had touched her, sucked her "boobies" and gotten on top of her and put his penis inside her; she used the dolls to demonstrate how her father had "humped" her; she said that she "bleeded" after these activities; and she described a videotape her father made of these activities.

The defendant was arrested on February 1, 1984 and charged with sexually assaulting his daughter on a number of occasions over the period of a year, with the last assault occurring October 25, 1983. He pled not guilty and a jury trial was held on May 14, 15 and 16, 1984.

At trial, the State produced the child's testimony through a videotape taken at her foster home. Rita Pickering

2

and the foster mother testified that the child's earlier statements and interviews were consistent with the videotaped testimony. A clinical psychologist who had examined the child testified the description of sexual activity was beyond that which she would be able to fantasize; her terminology was consistent with that of a five or six year old; and it would be very unlikely that she could have picked up such information from watching pornography or other people engaged in sexual relations.

The defendant offered testimony that his opportunity to engage in these activities was rare because of the presence of other adults in the house and his absence from home. He testified that the terms the child used came from family friends and that the child may have seen some sexually explicit videotapes he owned.

The issues presented on appeal are:

(1) Was the victim's uncorroborated testimony, due to her age, sufficient to convict defendant?

(2) Was the evidence insufficient as a whole to convict defendant?

The defendant contends that when a child of this age testifies after undergoing therapy and counseling, her testimony should be corroborated. He points out that the information from the child became less reliable due to the length of time between the offenses and her testimony and because she was required to recount the events in counseling and on other occasions. In Montana, a victim's testimony does not require corroboration in a sexual assault case. State v. Just (1979), 184 Mont. 262, 270-1, 602 P.2d 957, 962; State v. Metcalf (1969), 153 Mont. 369, 378, 457 P.2d 453, 458. On at least two prior occasions, this Court has

found four-year old sexual assault victims competent to testify. In State v. Rogers (Mont. 1984), 692 P.2d 2, 41 St.Rep. 2131, the child's testimony was consistent with earlier statements to others except for details as to dates and times. In another recent case, State v. D.B.S. (Mont. 1985), _____ P.2d _____, 42 St.Rep. 770, the four-year old's testimony was corroborated by only one other witness, the child's mother. Here, the victim's testimony was consistent with her prior reports and supported by the psychologist's testimony. She was competent to testify. Defendant's arguments also go to the weight or credibility of the testimony. The jury had all the evidence before it and found the child's testimony credible. We hold, in accordance with prior Montana law, that the victim's testimony in a sexual assault case does not require corroboration.

The defendant also argues that the evidence was insufficient as a whole to support the jury's verdict of guilty of felony sexual assault. The test for determining if substantial evidence supports a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Rodriguiz (Mont. 1981), 628 P.2d 280, 283, 38 St.Rep. 578F, 578I; and Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Even if the evidence is weak and in conflict with other evidence, it may still be substantial enough to support a verdict. State v. Hall (Mont. 1983), 662 P.2d 1306, 1308, 40 St.Rep. 621, 624.

Section 45-5-502(1), MCA on sexual assault provides: "A person who knowingly subjects another not his spouse to any sexual contact without consent commits the offense of

4

sexual assault." Sexual contact is defined as "any touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party." Section 45-2-101(60), MCA.

The victim testified extensively by videotape about her sexual activities with defendant. She provided details about the surrounding circumstances and her testimony was consistent with earlier interviews. The psychologist testified that she was capable of providing reliable information; that her description of sexual activities far exceeded that which could be expected from someone who had not engaged in those activities; and that her description used terminology consistent with that of a five or six-year-old child. Although the videotape of these sexual activities alleged to have been made was never found, testimony at trial indicated defendant had at least one hour's notice before the sheriff's deputies arrived with a search warrant and the deputies found a video camera, tape player and tapes on the premises.

We hold that the jury's verdict was supported by substantial evidence and we will not overturn the conviction on appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5