No. 87-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

DOUGLAS ALBERT HOWIE,

       Defendant and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        David W. Harman, Libby, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Atty. General, Helena
        Susan Loehn, County Attorney, Libby, Montana

Submitted on Briefs: Sept. 3, 1987

Decided: October 13, 1987

Filed: OCT 13 1987

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a jury verdict of sexual assault on an eight-year-old girl. The matter was tried before the Honorable Robert M. Holter, Nineteenth Judicial District, in and for the County of Lincoln, State of Montana. Appellant was sentenced to six years in the Montana State Prison.

We affirm.

Three issues are presented for our consideration:

(1) Whether the trial court committed reversible error in failing to sever Counts II and III.

(2) Whether the trial court properly refused to dismiss Count II.

(3) Whether the prosecutor committed reversible misconduct in posing leading questions to the victim.

On February 5, 1987, the appellant was charged with three counts of sexual assault, all felonies, committed against an eight-year-old girl. Section 45-5-502, MCA, says one commits the offense of sexual assault if he "knowingly subjects another not his spouse to any sexual contact without consent . . . " Section 45-2-101(60), MCA, defines sexual contact as "any touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party." Montana law permits a maximum sentence of twenty years in prison for anyone convicted of sexual assault upon a victim less than sixteen years of age.

The appellant was arraigned March 2, 1987, and pled not guilty to each count. Trial was held on June 3, 1987. At the close of the State's case, on motion of counsel for the appellant, the court dismissed Count I. The jury found appellant not guilty on Count II, which charged that

2

appellant made sexual contact with the girl on November 30 or December 1, 1986 while he was babysitting the child. The jury, however, convicted on Count III, which stems from an incident on January 25, 1987. We note that the jury considered all of the evidence in this case and found that the evidence supported conviction in Count III only.

The mother of the victim (hereinafter referred to as mother) lived in Libby, Montana with her daughter (hereinafter referred to as victim) age eight, and her son, age five. At the time of the offense, the appellant and the mother were involved in a relationship that lasted one year. They had spent a considerable amount of time together. The appellant was the mother's boyfriend.

On January 25, 1987, the appellant invited the mother, her two children and some other people to his small apartment to watch the Super Bowl football game. Testimony at trial indicates that there was a considerable amount of beer consumed by the people at this party. At trial the appellant admitted that he had been drinking beer all day and that when questioned initially he had told a sheriff's deputy he had been drunk.

That evening it was decided that the mother and her children would spend the night at appellant's apartment. When it was time to put the children to bed, the mother put them in appellant's bedroom, the only bedroom in the apartment. The mother could not persuade them to go to sleep, so the appellant offered to lie down with them to try to get them to sleep. The mother left the appellant with the children in the bedroom and testified that because she trusted the appellant, she closed the door. There was testimony by others present that the door was left open to allow the bedroom to stay warm, as the only heat source was in the other room.

The children were dressed in their pajamas and under the covers when the appellant lay on top of the covers, between the two children. The victim used anatomical dolls when she later testified that the appellant had his hand on her vaginal area, under her underpants and was rubbing her. She further testified that appellant said she should snuggle up to him. The victim came out to the living room and told her mother that she could not sleep. She went to the couch to lie down and she told her mother what the appellant had done to her. The appellant denies that he touched her in her vaginal area but did admit rubbing the children's stomach in an effort to relax them and put them to sleep. As soon as the victim told her mother what had happened, the mother gathered up her two children and arranged transportation home.

One witness who was at appellant's apartment that evening observed the victim come out of the bedroom. He testified that the victim seemed to be "a little distraught," and that she complained that the appellant had been rubbing her, as the witness stated "just below the belt line."

Issue one raises the question of whether the conviction should be reversed because the District Court failed to sever the counts. The appellant argues that the District Court committed reversible error when it failed to sever Counts II and III, even though the appellant's counsel failed to request severance before the trial. Appellant's counsel proposes that the District Court should have severed the counts on its own motion to protect appellant's right to a fair trial since sexual abuse cases are highly emotional. However, it is the general rule that failure to object to an alleged error at trial results in a waiver of the right to challenge the error on appeal. Sections 46-20-104(2),

4

46-20-702, MCA; State v. Long (Mont. 1986), 726 P.2d 1364, 43 St.Rep. 1948.

The record does not support appellant's claim of reversible error. Section 46-11-404(4), MCA, states in pertinent part:

> If it appears that a defendant . . . is prejudiced by a joinder of . . . separate charges . . . the court may order separate trials . . . or provide any other relief as justice may require.

We find no merit in appellant's argument that the failure to sever Counts II and III prejudiced his case by the accumulation of evidence leading to his conviction on Count III.

This Court set forth in State v. Arthur Eldon Campbell (1980), 189 Mont. 107, 615 P.2d 190, three basic prejudices that may occur on joinder of similar offenses: (1) the jury may consider a defendant facing multiple charges to be a bad man and therefore may tend to accumulate the evidence until it convicts him of some charge; (2) proof of guilt on one count, inadmissible in a separate trial, may be used to convict the defendant on a second count; or (3) the defendant may wish to testify on his own behalf as to one count, but not on another. The first type of prejudice is seldom adequate to warrant severance, Campbell, 615 P.2d at 198.

Here the appellant failed to specify which evidence offered as to Count II prejudiced his trial on Count III. In his brief, appellant's counsel admits that there was sufficient evidence for Count III to go to the jury. Here the very speculative allegation of prejudice is insufficient to reverse the District Court. The appellant has failed to meet his burden of demonstrating such prejudice. State v. Orsborn (1976), 170 Mont. 480, 489, 555 P.2d 509, 515.

Neither does the second type of prejudice, which deals with using evidence that would have been inadmissible in separate trials to gain a conviction, exist in this case. This is so because such prejudice is not present where the facts and details of the allegations of one count are so distinct that the jurors can keep it separate from the other count. Orsborn, 555 P.2d at 515. The appellant does not claim, and the record fails to indicate, that the two counts were so much alike that the jurors were unable to separate them.

Likewise, the appellant fails to claim, and the record fails to disclose, that appellant wished to testify about only one of the counts to the exclusion of the other. It is the District Court Judge who must balance any prejudice of the defendant's case against the judicial economy that results from joint trials. Campbell, 615 P.2d at 198. This Court will not interfere with the District Court's ruling where it appears, as it does here, that the District Court Judge employed sound discretion and did not abuse his judicial prerogatives.

As to issue two, the failure to dismiss Count II, we find no merit.

The District Court employed the authority granted it by § 46-16-403, MCA, which allows it to dismiss the count at the close of the State's case if the evidence is insufficient to support a guilty verdict. In State v. White Water (Mont. 1981), 634 P.2d 636, 638, 38 St.Rep. 1664, 1666, we considered the statute and held:

> [A] directed verdict should only be granted where there is no evidence upon which a jury could base a verdict; that is, the defendant is entitled to an acquittal if reasonable men could not conclude from evidence taken in the light most favorable to the prosecution that

6

guilt has been proved beyond a reasonable
doubt. (Emphasis added.)

See, State v. Matson (Mont. 1987), 736 P.2d 971, 974, 44
St.Rep. 874, 877, citing White Water, supra. The District
Court keeping in mind the evidence that has been produced
along with a notion of "reasonable doubt" is the arbiter that
must decide whether to dismiss a count. The District Court
Judge, on motion of appellant's counsel at the close of the
State's case, considered the adequacy of the State's evidence
as to each of the three original counts. He granted the
motion to dismiss Count I, which alleged that appellant had
pinched the victim on the buttocks sometime during the late
summer or fall of 1986. The court stated, in the absence of
the jury:

> [I] listened to that [testimony] quite
> carefully because we have got to a
> pinching and the problem is that these
> [counts] become intertwined and proof of
> one becomes proof of the other. But that
> is not really the way that this works. I
> think that each count has to stand on its
> own.
>
> . . .
>
> It just seems to me that whatever the
> contact was was minimal to be able to
> conclude, standing alone, that Count No.
> 1 would be in any way to gratify any lust
> of anybody. It would be such an
> extension of the imagination that you
> would have to take some of the other
> proofs of other acts and I don't think
> that is why they are submitted and I
> think that I'm just going to not burden
> the jury with that one.

Meanwhile, the court allowed Count II to be submitted
for jury consideration. The court ruled:

> I'm going to let that one go to the jury.
> I think that there is evidence there of

contact and I guess the last element [that of sexual gratification], the circumstances could cover.

Unless a defendant in a criminal case can show that the District Court abused its discretion, the ruling will not be disturbed. White Water, 634 P.2d at 637. The District Court Judge's rationale shows that he made thoughtful decisions and did not abuse his discretion.

Here the District Court Judge allowed testimony of the victim relating to the facts of Count II. The victim testified as follows:

> Q. [By Mrs. Loehn] And what happened the night that Doug stayed with you?
>
> A. We went to bed and he said to me, one of us to sleep with him and [her brother] fell asleep and so I crawled in bed with him and he was naked.
>
> Q. He didn't have any clothes on?
>
> A. No.
>
> Q. What did he do?
>
> A. He rubbed his leg on me.
>
> Q. Where on you did he rub it?
>
> A. Right on my leg.

The appellant later testified that the two children slept in their own beds that evening and denied that the victim slept in his bed.

The victim's testimony was such that a reasonable jury could conclude that the appellant had subjected the victim to sexual contact and that the contact was for appellant's sexual gratification. Conviction of a sexual assault may be based entirely on the uncorroborated testimony of the victim. State v. Maxwell (1982), 198 Mont. 498, 503, 647 P.2d 348,

8

351. This rule pertains to child victims as well. In State v. A.D.M. (Mont. 1985), 701 P.2d 999, 42 St.Rep. 1186, a five-year-old child was held to be competent to testify about sexual abuse by her father because her testimony was consistent with her prior reports and were supported by psychological testimony. Therefore, that child's testimony required no corroboration. A.D.M., 701 P.2d at 1000. Whether a child is competent to testify is a matter left largely to the discretion of the trial court. State v. Rogers (Mont. 1984), 692 P.2d 2, 5, 41 St.Rep. 2131, 2135, citing State v. Merrill Campbell (1978), 176 Mont. 525, 529, 579 P.2d 1231, 1233. In the present case the court questioned the child victim outside of the presence of the jury. Upon completion of the questioning, the court decided that the child had the capacity to remember the occurrence and the ability to relate her impressions of what occurred. Further, the court found that the child had an "understanding of the obligations to tell the truth . . . " The District Court properly discharged its function of insuring the competency of the child victim. In the case at bar, the jury might well have found sufficient proof to support Count II, even though they found the appellant not guilty of that charge.

The third issue raises the question of whether the prosecutor committed misconduct with her leading questions and thereby prejudiced the appellant.

The appellant points out that under Griffin v. California (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, prejudice is not presumed but that it must be established from the record that a substantial right was denied. Here, he alleges that the substantial right is the denial of a fair trial because of evidence by the State and

9

questioning the eight-year-old victim with leading questions. State v. Watkins (1971), 156 Mont. 456, 481 P.2d 689.

The questioning of a minor child in this type of case is a most difficult task for both the prosecutor and defense counsel. The prosecutor argues that she was forced to use leading questions to elicit facts that the child had related previously. Under Rule 611(c), M.R.Evid., leading questions are allowed when necessary to develop such testimony. This Court's opinion, Bailey v. Bailey (1979), 184 Mont. 418, 421, 603 P.2d 259, 261, sets forth an exception to the general rule against leading questions where there is a child involved. In addition, we note that the answers given by the child to the questions that are the subject of these objections were in favor of the appellant. We find no prejudice.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices