No.   91-101

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs-

RICK WEBB,
a/k/a FREDRICK ROD WEBB,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
              In and for the County of Lincoln,
              The Honorable Robert **S**. Keller, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          James A. Manley; Manley Law Offices, Polson,
          Montana.

      For Respondent:

          Hon. Marc Racicot, Attorney General; Carol E.
          Schmidt, Assistant Attorney General, Helena,
          Montana
          Scott B. Spencer, Lincoln County Attorney, Libby,
          Montana



FILED

MAR 1 9 1992

Filed: *Ed Smith*
   CLERK OF SUPREME COURT
    STATE OF MONTANA

_____
/Clerk

Submitted on Briefs:  September **5, 1991**

      Decided: March 19, 1992

Justice Karla M. Gray delivered the Opinion of the Court.

Defendant Frederick Rod Webb appeals the judgment of the Nineteenth Judicial District, Lincoln County, Montana, convicting him of criminal sale of dangerous drugs in violation of § **45-9-101,** MCA. This is Webb's second appeal to this Court. We reversed and remanded the case on appeal from the first trial. State v. Webb **(1990), 243** Mont. **368, 792** P.2d **1097.** Again, we reverse and remand.

The dispositive issues on appeal, as restated by this Court, are:

1.) Did the District Court err in admitting "other crimes or acts" evidence?

**2.)** Did the District Court err in admitting certain impeachment testimony of a defense witness?

**3.)** Did the District Court properly instruct the jury?

**4.)** Did the District Court err in admitting evidence of drug transactions involving other individuals?

5.) Did the District Court err in admitting opinion testimony regarding the credibility of an informant?

During the summer of **1988,** the Lincoln County Sheriff's Department conducted a drug investigation in the Libby area using Mike Hewson as a temporary undercover agent. This case arises from a drug transaction alleged by Hewson to have occurred on the night of June **27, 1988,** at the home of Vicki LaCoss. The State charged Webb with selling Hewson methamphetamine (hereinafter, crank) that evening,

Hewson and Webb were both at the LaCoss home on June 27, 1988. Webb, Hewson, and LaCoss all agree that Hewson arrived first and that Webb and LaCoss played cribbage for awhile after his arrival. They disagree as to what else happened.

Hewson claims Webb sold him crank, some of which he gave to LaCoss for her participation in arranging the deal. LaCoss and Webb contend that Webb did not sell the crank to Hewson, but that Hewson did give some crank to LaCoss.

The second trial of this action was held October 16, 17, and 18, 1990. The jury found Webb guilty of the offense of criminal sale of dangerous drugs. The District Court sentenced Webb on October 22, 1990, and released him on bond. This appeal followed.

## I.

Defendant maintains that the District Court erred in admitting "other crimes or acts" evidence. Hewson testified, on direct examination, that he passed Webb on his way into the site of an earlier alleged drug sale and that a person in the house referred to the drug contact who had just left. Webb argues that this testimony constitutes "other crimes or acts" evidence for which no Just notice was given. State v. Just (1979), 184 Mont. 262, 602 P.2d 957.

We have reviewed the record: it does not contain an objection relating to other crimes or acts evidence under Just. Webb made a motion in limine on February 14, 1989, which objected to "any activity allegedly of the Defendant in this matter before June 27,

3

1988." The motion objected to an alleged erroneous identification of Webb as more prejudicial than probative; the motion did not center on "other crimes or acts." Errors not raised at trial cannot be raised on appeal for the first time. State v. Phelps **(1985),** 215 Mont. **217,** 696 P.2d **447;** State v. Howie **(1987),** 228 Mont. **497, 744** P.2d 156.

## II.

Defendant also argues that the District Court erred in admitting certain impeachment testimony of a defense witness. LaCoss was an important defense witness from whom the State elicited testimony that she frequented a bar identified as a place where drug dealers congregated, that she sold drugs to Hewson on another occasion, that she associated with known drug dealers, that she was involved in other drug transactions, and that she was an addict at one time. Webb contends that this evidence violates Rules 601-613, M.R.Evid., is irrelevant under Rule 402, M.R.Evid., and constitutes an improper attack on character or improper evidence of other crimes or acts under Rule **404,** M.R.Evid.

The trial transcript reveals that no objections were made during the referenced portions of LaCoss' testimony. Therefore, based upon the authority cited above, we will not address this second issue.

## III.

Defendant next maintains that the District Court improperly

4

instructed the jury by refusing two of his proposed instructions:

Instruction #1: A drug addict informants' [sic] testimony should be scrutinized closely to determine whether it is colored in such a way as to place guilt upon a defendant in furtherance of the witness's own interests.

Instruction #2: The testimony of informants should be scrutinized closely to determine whether it is colored in such a way as to place guilt upon a defendant in furtherance of the witness's own interests.

Webb contends that these instructions are correct statements of law as set forth in State v. Gommenginger (1990), 242 Mont. 265, 790 P.2d 455, and that one of them should have been given.

The State argues that the court, county attorney and defense counsel discussed these two instructions and the county attorney's concern was that the instructions were too narrow to apply to defense witness LaCoss. On the basis of the discussion, the court gave the following instructions:

INSTRUCTION NO. 2

. . .

In determining what the facts are in the case, it may be necessary for you to determine what weight should be given to the testimony of each witness. To do this you should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief. You may consider:

. . .

2. Any relation which each witness may bear to the State or to the Defendant, and the manner in which each witness might be affected by the verdict.

INSTRUCTION NO. 3

You have already been instructed that you may consider the manner in which each witness might be affected by the verdict. The fact that a witness is a

5

paid informant or that a witness is a drug addict are factors to be considered by you in the context that the witness might be affected by the verdict.

District courts have broad discretion in formulating jury instructions. This Court reviews jury instructions as a whole. State v. Azure (1979), 181 Mont. 47, 591 P.2d 1125. If the instructions fully and fairly present the applicable law, they will be deemed to be sufficient. State v. Goodwin (1991), 249 Mont. 1, 813 P.2d 953. The defense cannot insist that every nuance of its theory of the case be given to the jury via instructions. State v. Graves (1981), 191 Mont. 81, 622 P.2d 203.

We have reviewed the jury instructions. While they do not contain all the nuances of defendant's proposed instructions, the instructions given accurately reflect applicable law and are, therefore, sufficient. We hold that the District Court properly instructed the jury.

IV.

Defendant argues that the District Court erred in admitting evidence of drug transactions involving other individuals and locations. Hewson testified at some length regarding various other drug dealers in the Libby area and their possible connections to Webb. Hewson also testified that Webb frequented certain taverns which were known to be drug hangouts and that Hewson passed Webb on his way to another drug deal at which he was told that the drug contact had just left. Hewson also testified that juveniles were present at the aforementioned drug sale site. Defense counsel

*6*

objected repeatedly to the relevancy of this line of testimony and was repeatedly overruled. He was then granted a continuing relevancy objection to the entire line of inquiry. Webb argues that this line of testimony was irrelevant to any issue in the case and prejudicial in allowing the jury to associate him with a drug-selling ring and to find him guilty by association.

The State argues that the testimony was relevant to establishing Vicki LaCoss as a drug user who set up drug deals with drug sellers, to how Hewson met Webb, and to why Hewson was at the LaCoss home on June 27, 1988, at the same time as Webb. The State further argues that the probative value of this testimony is far greater than any prejudice to Defendant, especially in light of the court's instruction that "mere proximity to a drug, mere presence, or mere association with the person who does sell the drug is insufficient alone to support finding of sales." District courts have broad discretion to determine whether evidence is relevant. State v. Sadowski (1991), 247 Mont. **63,** 805 P.2d 537. Relevancy determinations by the district court will be overturned by this Court only where the district court has abused its discretion. State v. Oman (1985), 218 Mont. 260, 707 P.2d 1117.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, M.R.Evid. Thus, the focal point of relevancy determinations is whether the evidence relates to a fact of consequence to a determination of the case. Evidence of

matters not pertaining to those at issue is irrelevant and inadmissible.  Rule 402, M.R.Evid.

Webb was charged with "criminal sale of dangerous drugs" in violation of § 45-9-101, MCA.  The facts that are "of consequence" in the case at bar are whether Webb and Hewson were at the LaCoss residence in Libby, Montana, on June 27, 1988, and whether Webb sold Hewson crank at that time and place.  Evidence having a tendency to make the existence of any of these facts more or less probable is relevant.

Hewson's testimony regarding Webb's associates and their drug related activities, the presence of juveniles at a drug sale site not at issue in this action, and places Webb may have spent time on occasion does not relate to and is not probative of any "fact that is of consequence" in this case.  When a defendant is put on trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone.  State v. Jackson (1979), 180 Mont. 195, 589 P.2d 1009.

We conclude that the testimony objected to was irrelevant and inadmissible under Rule 402, M.R.Evid.  Further, given the prejudicial nature of the evidence vis-a-vis the explosiveness of the issue of drugs in today's society, the court's error was not harmless.  Therefore, we hold that the District Court abused its discretion and committed reversible error in admitting Hewson's testimony concerning other drug dealers, buyers, and transactions.

V.

8

Defendant next maintains that the District Court erred in admitting opinion testimony regarding the credibility of an informant. Lincoln County Sheriff's Department Detective Donald H. Bernall testified on behalf of the State during rebuttal. He was asked:

Q:    Okay.   What  is  your  opinion  as  to  Mike
      Hewson's truthfulness or what is your opinion
      as to his truthfulness when he is discussing
      the drug sales that he is undercover on?

A:    That he was telling the truth.

Webb objects that this testimony violates numerous evidentiary rules, including Rule 608(a), M.R.Evid., which reads:

Evidence of character and conduct of witness.
(a) Opinion and reputation evidence of character.  The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations:  (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

It is clear that Rule 608(a) allows opinion evidence in support of the credibility of a witness only after the witness' character for truthfulness has been attacked.  Thus, the initial question is whether Hewson's character was attacked by the defense before the State rehabilitated him with opinion testimony on rebuttal.

Webb asserts that he did not attack Hewson's character for truthfulness.  Webb contends that it was the State which put Hewson's character into evidence by having him admit, on direct examination during the State's case-in-chief, that he was a drug addict and by its cross-examination of Webb himself when it asked

9

whether Webb's testimony essentially came down to Mike Hewson lying, and Webb responded "That is correct."

The State contends that Hewson's character for truthfulness was attacked on numerous occasions in testimony elicited by the defense, not in the form of opinion or reputation, but "otherwise" under Rule 608(a), M.R.Evid. These attacks included testimony by LaCoss that Hewson had track marks on his arms and was acting in a bizarre manner on the night of June 27, 1988, and Hewson's responses on cross-examination regarding his drug of choice and with whom he dealt when buying drugs. The State argues that any testimony relating to Hewson's use of drugs constituted an attack on his character for truthfulness.

A complete review of the record reveals that the defense did not offer opinion or reputation evidence about Hewson's character for truthfulness or "otherwise" attack his veracity as part of its own case. It is true that defense witnesses disputed Hewson's version of the events of June 27 and offered contradictory testimony. But other courts have held that neither contradictory evidence nor extensive cross-examination constitutes an attack upon a witness' character for truth and veracity. State v. Deach (Wash.Ct.App. 1985), 699 P.2d 811; United States v. Jackson (5th Cir. 1979), 588 F.2d 1046, cert. denied, 442 U.S. 941 (1979). We agree: to conclude otherwise would result in admitting opinion testimony regarding veracity in virtually every case. We are not prepared to do so. Therefore, we conclude that the defense did not attack Hewson's character for truthfulness.

10

While the defense did not place Hewson's character for truthfulness in issue, the State did so. Hewson testified regarding his drug habit on direct examination by the prosecution. During cross-examination of the defendant, the State asked Webb: "In essence you are saying that Hewson is lying?" Webb answered: "That is correct." Having put Hewson's truthfulness at issue twice, the State then offered opinion testimony that he was truthful. We recently ruled that the State cannot itself open the door for opinion testimony regarding the truthfulness of its own witness. In a child abuse case, an expert witness was permitted to testify to the credibility of the alleged victim. We stated:

> The State, however, had opened the door to this line of questioning by bringing the matter up on direct. Because Robby's credibility was not called into question by defendant, the District Court committed reversible error by allowing the psychotherapist to comment directly on his trustworthiness.

State v. Harris (1991), 247 Mont. 405, 410, 808 P.2d 453, 456.

The State also argues that defense counsel asked Hewson questions about his drug use during a **"slashing"** cross-examination, thus enabling the State to present evidence to rehabilitate its witness. United States v. Lechoco (D.C. Cir. 1976), 542 F.2d 84; Medical Therapy Sciences, Inc. (2d Cir. 1978), 583 F.2d 36. A "slashing" cross-examination includes questioning which carries strong accusations of misconduct and bad character which a witness' denial will not remove from the jury's mind. E. Cleary, 3 McCormick on Evidence, 549 (1984). In Medical Therapy Sciences, the court admitted rehabilitating character evidence because the cross-examination of the witness included "sharp" and accusatory

questioning about prior convictions which were predicated on activities characterized as fraudulent.

**A** review of the record in the instant case reflects that defense counsel asked Hewson three questions involving Hewson's drug use and drug dealers with whom Hewson dealt. Hewson did not deny the drug use. The total cross-examination preceding and prefatory to the specific events of June 27, **1988,** covers only one and one-half pages. The questions were neither sharp nor accusatory, and do not constitute a slashing cross-examination of Hewson.

The State contends that Hewson's testimony on direct examination concerning his drug use did not put his character for truth at issue but was predicated on the State's right to anticipate defense impeachment so that a jury would not surmise that the State was attempting to hide information. Medical Therapy Sciences, **583** F.2d at **39.** The State is correct that it could anticipate impeachment testimony. But here, the State takes an approach that can only be characterized as of the "have its cake and eat it too'' variety: it maintains that its questions regarding Hewson's drug use did not call his truthfulness into issue while at the same time contending that evidence regarding drug use elicited by the defense inherently puts a person's character for truthfulness at issue.

The State, having opened the door to Hewson's veracity, was then allowed to put the full weight of Detective Bernall's drug enforcement experience behind his opinion testimony regarding

12

Hewson's credibility. Under the facts of this case and the strictures of Rule 608(a), M.R.Evid., we hold that the District Court erred in admitting this opinion testimony.

Reversed and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

13