NO.    93-027

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE STATE OF MONTANA,

    Plaintiff and Respondent,

    -vs.-

LESLIE ALLEN LUNSTAD,

    Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
                In and for the County of Richland,
                The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            William F. Hooks, Appellate Public Defender, Helena,
            Montana

        For Respondent:

            Hon. Joseph P. Mazurek, Attorney General, Barbara c.
            Harris,- Assistant, Helena, Montana: Gary Ryder,
            Deputy Richard County Attorney, Sidney, Montana

Submitted on Briefs:  July 15, 1993
            Decided:  August 10, 1993

FILED

AUG 10 1993

Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from a jury verdict in the Seventh Judicial District Court convicting Defendant of felony sexual assault. We reverse and remand for a new trial.

One issue is dispositive of this appeal: Did the District Court err in admitting prior consistent statements of the alleged victim?

On November 4, 1991, C.H., a minor, the alleged victim in this case, told her father that the Defendant, Leslie Lunstad (Mr. Lunstad), had touched her in a private place. Based on this allegation, Mr. Lunstad was charged by Information with felony sexual assault.

At the jury trial, C.H. testified that Mr. Lunstad asked permission to touch her. C.H. testified that she said "no", but that Mr. Lunstad touched her anyway. C.H. stated that Mr. Lunstad told her not to report the incident to her parents and gave her two pennies. This incident allegedly occurred on November 4, 1991.

During the State's case-in-chief, the State attempted to introduce C.H.'s prior consistent statements regarding her version of the events. The trial judge refused this evidence as inadmissible hearsay, stating that Mr. Lunstad had not implied that C.H. had subsequently fabricated her testimony, was improperly influenced, or had an improper motive.

During the Defendant's case-in-chief, Mr. Lunstad testified that sometime during the week of October 27 to November 3, 1991, he and C.H. were playing Nintendo in the family home. C.H. was seated

2

on his lap and Mr. Lunstad had his arms on top of her legs, operating the Nintendo controller. Mr. Lunstad testified that he dropped the controller and, when he retrieved the device, he accidently touched C.H. in her crotch. A week later, on November 4, 1991, Mr. Lunstad testified that he was again playing Nintendo with C.H., at which time C.H. told Mr. Lunstad she would report the prior touch to her father if he would not give her a piggy back ride.

Both Mr. Lunstad and C.H. testified that they were both fully clothed during this incident and that only one touch occurred. In dispute was whether Mr. Lunstad purposely or accidently touched C.H.

On cross-examination of Mr. Lunstad, the State asked him:

Q: So are you saying [that C.H.], when she came before this jury, she lied?

A: Yes.

Q: And you're saying that she came forward and lied about the fact that you offered her money not to tell her dad?

A: Yes.

Q: And you're saying that she lied about the fact that you asked her if you could touch her private parts?

A: Yes.

After this testimony, the State requested permission to present rebuttal testimony in the form of the prior consistent statements made by C.H. This request was made pursuant to Rule 801(d)(1)(B), M.R.Evid., on the basis that Mr. Lunstad had called C.H.'s credibility into question. The State wished to introduce statements C.H. made to a police officer, including a tape recorded

3

statement, and statements C.H. made to her counselor. The trial court allowed these statements as prior consistent statements to rebut charges of fabrication or motive.

On rebuttal, the police officer who took C.H.'s statement played a recording of that statement. This statement related C.H.'s version of the incident, and was essentially the same as her in-court testimony. The counselor did not testify as to C.H.'s truthfulness, but testified as follows:

Q: Okay. The question was, you did have an opportunity to sit through her [C.H.] testimony yesterday?

A: Yes, I did.

Q: And on how many occasions has she related to you her version of what's taken place?

A: Approximately four times.

Q: Was there any significant factual differences between her testimony yesterday and the statements that she has given you?

A: No.

This evidence was presented on rebuttal to a jury on July 29 and 30, 1992. The jury found Mr. Lunstad guilty of felony sexual assault. Mr. Lunstad was sentenced to ten years in prison on the assault charge and ten years in prison for being a persistent felony offender, all sentences to run consecutively. In addition, the trial judge designated Mr. Lunstad a dangerous offender and required him to complete Phase I and II of the sexual offender treatment program. From that verdict and sentence, Mr. Lunstad appeals.

Our standard of review relating to discretionary trial court rulings, such as the decision to allow certain evidence to be heard

4

by the jury, is whether the trial judge abused his discretion in allowing the evidence. Steer, Inc. v. Dep't. of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 604.

One issue is dispositive in this case: did the District Court err in admitting C.H.'s prior consistent statements?

Rule 801(d)(1)(B), M.R.Evid., states:

A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of subsequent fabrication, improper influence, or motive. . . .

This rule only applies when the declarant's in-court testimony has been impeached by another party's allegations of subsequent fabrication, improper influence, or motive.

The sole basis for allowing C.H.'s prior consistent statements was the theory that, by agreeing with the State that C.H. was lying, Mr. Lunstad had charged her with fabrication. The District Court held that, when Mr. Lunstad agreed that C.H. was lying, he opened the door for C.H.'s prior consistent statements to be admitted. We disagree, and hold that the State cannot use this line of questioning to admit prior consistent statements of a witness.

In State v. Webb (1992), 252 Mont. 248, 828 P.2d 1351, the State asked the defendant during cross-examination: "In essence you are saying that [the informant] was lying?" The defendant answered, "That is correct." Webb, 828 P.2d at 1356. The State contended that the defendant had attacked the informant's character and was allowed to present character evidence under Rule 608,

5

M.R.Evid.

On appeal, this Court approved other jurisdictions' holdings that "neither contradictory evidence nor extensive cross-examination constitutes an attack upon a witness['] character for truth and veracity." Webb, 828 P.2d at 1356. In Webb, the State opened the door by directly asking the defendant if he believed the informant was lying. In commenting on the State's position, this Court stated that the State cannot itself open the door for opinion testimony regarding the truthfulness of its own witness, Webb, 828 P.2d at 1356. Although Webb involved Rule 608, as opposed to Rule 801, the analysis used in Webb applies in this case.

Here, the trial judge denied the State's request to present prior consistent statements to the jury during the State's case-in-chief. Thereafter, the State questioned Mr. Lunstad and asked him directly if he believed C.H. was lying. The State cannot put a defendant in this tenuous position and then introduce prior consistent statements to "rebut" the only answer that the State knows the defendant can give consistent with his defense. Here, the State itself opened the door by directly asking Mr. Lunstad if C.H. was lying, and then attempted to bolster C.H.'s credibility by the admission of the very prior consistent statements that the district judge had ruled inadmissible hearsay in the State's case-in-chief. The State cannot use this type of cross-examination to get evidence admitted which it could not get admitted prior to its cross-examination. We hold that it was an abuse of discretion and reversible error to allow the rebuttal testimony, in the form of prior consistent statements, to be presented on these facts.

6

For the guidance of the District Court and counsel on retrial of this case, we also hold that the statements of C.H. were not admissible under Rule 801(d)(1)(B), M.R.Evid., because such statements were not made prior to the time C.H.'s alleged motive to fabricate arose. In this case, Mr. Lunstad claimed that C.H. threatened to tell her father about the touch if Mr. Lunstad would not give her a piggy back ride. The only possible motive to fabricate suggested by Mr. Lunstad was the fact that C.H. was angered at him for refusing her the piggy back ride. Therefore, any "motive" arose on November 4, 1991, the day C.H. allegedly made that statement to Mr. Lunstad. Any statements C.H. made <u>after</u> that date, including statements to her father (November 4, 1991), the police officer (November 5 and 6, 1991), and her counselor (January, 1992), could not be prior consistent statements, because they were made <u>subseauent</u> to the time C.H.'s alleged motive to fabricate arose. Therefore, C.H.'s statements were not admissible as prior consistent statements as contemplated by Rule 801(d)(1)(B), M.R.Evid., and the hearsay exclusion does not apply in this case.

In State v. Scheffelman (1992), 250 Mont. 334, 820 P.2d 1293, the prosecutor anticipated that the defendant would allege fabrication and motive, and addressed the same in her opening statement. However, in his opening statement, counsel for the defendant also stated the victim had lied. <u>Scheffelman,</u> 820 P.2d at 1296. During cross-examination, defense counsel challenged the victim's testimony. He also alluded to the possibility that the victim had a motive to fabricate and implied she was subject to

7

improper influence by the prosecutor. <u>Scheffelman</u>, 820 P.2d at 1296. The State was allowed to present the victim's prior consistent statements.

On appeal, this Court held that a prior consistent statement was allowable if it was made before any motive to fabricate had arisen. However, if a defendant does not assert that the victim is subsequently fabricating her story, but claims, as in this case, she was lying all along, prior consistent statements are not admissible. <u>Scheffelman,</u> 820 P.2d at 1296. In <u>Scheffelman,</u> the Court held that, because the defendant alleged the victim was improperly influenced, no error was committed in allowing the prior consistent statements into evidence under Rule 801. <u>Scheffelman,</u> 820 P.2d at 1296.

In this case, however, defense counsel did not state in her opening statement that C.H. was a liar. Counsel did not challenge C.H.'s testimony on cross-examination, did not allude that C.H. was subject to improper influence by the prosecutor, and did not allege that she changed her version of the incident. Therefore, on its facts, <u>Scheffelman</u> is distinguishable from the case at bar.

Similarly, Mr. Lunstad did not conduct a general attack on the credibility of C.H. of the sort that justified the admission of prior consistent statements in State v. Medina (1990), 245 Mont. 25, 798 P.2d 1032.

Reversed and remanded for a new trial.

_____
Justice

8

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

August 10, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


William F. Hooks
Appellate Public Defender
Capitol Station
Helena, MT 59620

Leslie Allen Lunstad
700 Conley Lake Road
Deer Lodge, MT 59722


Hon. Joseph P. Mazurek, Attorney General
Barbara C. Harris, Assistant
215 N. Sanders, Justice Building
Helena. MT 59620

Gary Ryder, Deputy
Richland County Attorney
Richland County Courthouse
Sidney, MT 59270


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *M. Tudor*
    Deputy