NO. 93-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

THE STATE OF MONTANA

    Plaintiff and Respondent,

    -v-

KEITH S. STRECKER

    Defendant and Appellant.

FILED

OCT 27 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Robert W. Holmstrom, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Keith Scott Strecker, Deer Lodge, Montana (pro se)

        For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, John
        Paulson, Assistant Attorney General, Helena,
        Montana: Dennis Paxinos, Yellowstone County
        Attorney, Billings, Montana


                        Submitted on Briefs:  August 4, 1994

                                    Decided:  October 27, 1994

Filed:

                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from a Thirteenth Judicial District Court, Yellowstone County, order denying Defendant Keith S. Strecker's (Strecker) motion to withdraw his guilty plea. We affirm.

The following are issues on appeal:

I. Did the District Court err in denying Strecker's motion to withdraw his guilty plea?

II. Did counsel for the defendant render ineffective assistance of counsel?

III. Was the guilty plea colloquy conducted by the trial court inadequate?

FACTUAL AND PROCEDURAL BACKGROUND

An information and affidavit and motion for leave to file an information were filed by the Yellow&one County Attorney's Office on November 15, 1990, alleging that Strecker had committed deliberate homicide. On June 14, 1991, Strecker pled guilty to the charge of deliberate homicide, having signed an Acknowledgement of Waiver of Rights by Plea of Guilty on the previous day. The Acknowledgement of Waiver of Rights by Plea of Guilty stated that the County Attorney "has agreed to recommend to the Court a sentence of 50 years in MSP (40 years + 10 for use of a weapon) but I realize that such a recommendation is not binding upon the Court in passing sentence."

Strecker was sentenced to 60 years for the commission of the offense of deliberate homicide and 10 years for the use of a firearm while engaged in the commission of the offense of

2

deliberate homicide on September 13, 1991. Strecker filed notice of his appeal to the Montana Supreme Court from his conviction and sentence on November 18, 1991.

On January 15, 1992, Strecker filed a motion for an order granting him transcripts, minutes, exhibits and documents in his case. On January 27, 1992, that motion was denied by the District Court because his appeal had not been filed within the appropriate time limitation. He filed a motion for reconsideration on February 6, 1992, and that motion was denied on February 7, 1992.

Strecker's appeal to this Court was dismissed on May 5, 1992, for failure to prosecute. Strecker filed a motion to withdraw his guilty plea on June 24, 1992, and a motion for the appointment of counsel to represent him at the hearing on the motion to withdraw his guilty plea and any pending appeal. The Yellowstone County Public Defender's Office was appointed to represent Strecker in connection with his motion on December 11, 1992.

The State filed its response brief to Strecker's motion to withdraw the guilty plea on January 22, 1993, and on that same day, the District Court denied Strecker's motion. Strecker's notice of appeal was filed on January 28, 1993. By letter filed on March 16, 1993, Strecker stated that L. Sanford Selevy and Gary E. Wilcox were the attorneys appointed to handle his appeal for him. Wilcox also filed a letter on the same day, stating that his office was not appointed to represent Strecker and that he had advised the court that the statute upon which the defendant was relying for his appeal was not in existence at the time of the sentencing and that

3

he, therefore, believed the trial court's ruling was proper. This Court remanded the cause back to the trial court for a determination as to whether Strecker was in need of the appointment of counsel.

Counsel was appointed by the trial court on April 5, 1993, and at some point, Gary Wilcox took over the defense of the case. On April 20, 1993, Wilcox filed a motion in the Supreme Court of Montana to withdraw as Strecker's counsel with a brief stating that he felt there were no meritorious issues to support the appeal. Strecker filed a response to the motion on May 14, 1993, and on June 1, 1993, this Court ordered that the cause be remanded for the appointment of counsel for Strecker in the cause. William F. Hooks, State Appellate Defender, was appointed on June 7, 1993, by the trial court.

On October 28, 1993, Hooks filed a motion with this Court for leave to withdraw as counsel, contending that he had been "unable to find any nonfrivolous issue to raise on appeal, after review of the entire record and discussions with appellant Strecker." Hooks filed the requisite Anders brief. Strecker filed a response to counsel's motion to withdraw on December 30, 1993, and on March 1, 1994, this Court granted Hook's motion to withdraw as counsel.

ISSUE I

Strecker asserts in his motion to withdraw his guilty plea that the District Court failed to apply § 46-12-211(4), MCA, which requires that the court inform the defendant that the court is not bound by the plea agreement: afford the defendant the opportunity

4

to withdraw his guilty plea; and advise the defendant that the disposition of the case, if he persists in the guilty plea, may be less favorable to the defendant than contemplated by the plea agreement. Section 46-12-211(4), MCA (1991). However, the statute cited in Strecker's motion to withdraw his guilty plea was not in effect at the time that Strecker pled guilty.

The statute provides as follows:

> (4) If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw the plea, and advise the defendant that if the defendant persists in the guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Section 46-12-211(4), MCA. Section 46-12-211, MCA, was enacted during the Legislative Session of 1991. The effective date of the statute was October 1, 1991. See 1991 Legislative Review at 405. Strecker pled guilty on June 14, 1991, approximately three and one half months before the statute went into effect. Therefore, the statute upon which Strecker bases his argument was not in existence at the time he pled guilty and thus, it can have no bearing whatsoever upon his case.

The applicable statute in effect at the time Strecker pled guilty, § 46-12-204(3)(a) and (b), MCA, provides in pertinent part:

> (3)(a) A plea bargain agreement is an agreement between a defendant and a prosecutor that in exchange for a particular plea the prosecutor will recommend to the court a particular sentence. A judge may not participate in the making of, and is not bound by, a plea bargain agreement. If a judge does not impose a sentence recommended by a prosecutor pursuant to a plea bargain agreement, the

5

> judge is not required to allow the defendant to withdraw a plea of guilty.
>
> (b) Before a judge accepts a plea of guilty, he must advise the defendant:
>
> (i) of all the provisions of subsection (3)(a);
>
> (ii) of the punishment as set forth by statute for the crime charged;
>
> (iii) that prior to entering a plea of guilty, the defendant and his counsel should have carefully reviewed Title 46, chapter 18, and considered the most severe sentence that can be imposed for a particular crime; and
>
> (iv) that the judge may impose any sentence allowed by law.

Section 46-12-204(3), MCA, specifically states that "the judge is not required to allow the defendant to withdraw a plea of guilty." The specific purpose of the legislature enacting subsection (3) of § 46-12-204, MCA, was to overturn State v. Cavanaugh (1983), 207 Mont. 237, 673 P.2d 482. State v. Buckman (1989), 236 Mont. 37, 768 P.2d 1361. In Cavanaugh, we concluded that if a trial judge accepts only a portion of a plea bargain, he must allow the defendant an opportunity to withdraw the guilty plea he made. Cavanaugh, 673 P.2d at 485. When the legislature amended § 46-12-204, MCA, by adding subsection (3), it insured that the District Court is not bound by the plea agreement and that if the trial court does not follow the plea bargain, it is not required to allow the defendant to withdraw his guilty plea. Buckman, 768 P.2d at 1364.

This was the State of Montana law at the time Strecker pled guilty in June of 1991, as regards the withdrawal of a guilty plea if the plea bargain was not followed. Section 46-12-211(4), MCA, on which Strecker relies was not in effect at the time that he pled, so his argument that the trial court did not apply the

6

statute is without merit and cannot stand.  The District Court did not err in denying Strecker's motion to withdraw his guilty plea.

### ISSUES II AND III

Strecker also argues that his trial counsel was ineffective and that the District Court's plea bargain colloquy was inadequate. However, these arguments were not presented to the District Court in Strecker's motion to withdraw his guilty plea and are, therefore, not properly before this Court at this time.  We decline to address these issues.  State v. Webb (1992), 252 Mont. 248, 251, 828 P.2d 1351, 1353.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7